IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| POLU KAI SERVICES LLC § | Cause No. 3:06-MC0075-M |
| § | |
| § | |
| § | |

**RESPONDENTS COMPASS ENVIRONMENTAL, INC.'S AND AIMAN NAGUIB'S ORIGINAL ANSWER TO RULE 27 PETITION TO PERPETUATE TESTIMONY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Respondents Compass Environmental, Inc. and Aiman Naguib (collectively, "Respondents"), and file herewith an Original Answer to the Rule 27 Petition to Perpetuate Testimony filed by Petitioner, Polu Kai Services LLC, showing the following:

**I.**

**FEDERAL RULE OF CIVIL PROCEDURE 12 DEFENSES**

Pursuant to Rule 12(b)(3), Fed.R.Civ.P., Respondents Compass Environmental, Inc. ("Compass") and Aiman Naguib ("Naguib") would show that the Northern District of Texas is an improper venue for this proceeding and the same should therefore be dismissed.

Pursuant to Rule 12(b)(6), Fed.R.Civ.P., Compass and Naguib would show that Petitioner has failed to state a claim upon which relief can be granted, and this proceeding should therefore be dismissed.

Pursuant to Rule 12(f), Fed.R.Civ.P., Compass and Naguib would show that Exhibits C, D, E, F, G, H, I, J, K and L to Petitioners Rule 27 Petition to Perpetuate Testimony Notice of Hearing are not even referenced therein and are therefore immaterial and should be stricken.

Moreover, the inclusion of Exhibits D, E, F, G, H and I violate the provisions of Rule 408, Fed.R.Evid., and the same should be stricken.

## II.

## DENIALS

1. Respondents admit that jurisdiction is proper in a United States District Court, as alleged in Paragraph 1 of the Petition, but deny that venue is proper in the Northern District of Texas as the factual allegations in the Petition fixes venue in the Eastern District of Texas which is the district in which Respondents reside as alleged by Petitioner. Respondents deny the remainder of the allegations in Paragraph 1 of the Petition.

2. Respondents are without sufficient information to admit or deny the allegations in Paragraph 2 of the Petition, and therefore deny the same.

3. Respondents admit that Compass filed a Complaint against Petitioner in the Circuit Court of Cook County, Illinois, as alleged in Paragraph 3 of the Petition, but deny that such Complaint was fraudulent or frivolous. Respondents are without sufficient information to admit or deny the remainder of the allegations in Paragraph 3 of the Petition, and therefore deny the same.

4. Respondents are without sufficient information to admit or deny the allegations in Paragraph 4 of the Petition, and therefore deny the same.[1]

5. Respondents deny the allegations in Paragraph 5 of the Petition.

6. Respondents deny the allegations in Paragraph 6 of the Petition.

---

[1] In Sections III, IV and V of the Petition, respectively, Petitioner alleges Adverse Parties, Parties To [sic] Whom Depositions are Sought, and Applicable Contracts. These are not factual allegations directed toward Respondents and are not contained in sequentially numbered paragraphs. To the extent an answer to the same is necessary, Respondents would show that they are without sufficient information to admit or deny the allegations contained in Sections III, IV and V of the Petition, and therefore deny the same.

RESPONDENTS COMPASS ENVIRONMENTAL, INC.'S AND AIMAN NAGUIB'S
ORIGINAL ANSWER TO RULE 27 PETITION TO PERPETUATE TESTIMONY – Page 2

7. Respondents are without sufficient information to admit or deny the allegations in Paragraph 7 of the Petition, and therefore deny the same.

8. Respondents deny the Illinois lawsuit filed by Compass was fraudulent as alleged in Paragraph 8 of the Petition. Respondents are without sufficient information to admit or deny the remainder of Paragraph 8 of the Petition, and therefore deny the same.

9. Respondents deny the allegations in Paragraph 9 of the Petition.

10. Paragraph 10 of the Petition contains legal theories to which no response is required.

11. Paragraph 11 of the Petition contains legal theories to which no response is required.

12. Respondents are without sufficient information to admit or deny the allegation in the first sentence of Paragraph 12 of the Petition, and therefore deny the same. The legal theory alleged in the second sentence of Paragraph 12 does not require a response from Respondents. Respondents deny the remainder of the allegations in Paragraph 12 of the Petition.

13. Respondents deny the allegations in Paragraph 13 of the Petition.

14. Respondents deny that Compass is engaged in any "illegal manipulation of the court system" as alleged in Paragraph 14 of the Petition. Respondents are without sufficient information to admit or deny the remainder of the allegations in Paragraph 14 of the Petition, and therefore deny the same.

15. Paragraph 15 of the Petition contains legal theories to which no response is required.

16. Respondents are without sufficient information to admit or deny the allegations in Paragraph 16, and therefore deny the same.

17. Respondents are without sufficient information to admit or deny the allegations in Paragraph 17, and therefore deny the same.

18. Respondents are without sufficient information to admit or deny the allegations in Paragraph 18, and therefore deny the same.

19. Respondents are without sufficient information to admit or deny the allegations in Paragraph 19, and therefore deny the same.

20. Respondents are without sufficient information to admit or deny the allegations in Paragraph 20, and therefore deny the same.

21. Paragraph 21 of the Petition contains legal theories to which no response is required.

22. Respondents deny the allegations in the first three sentences of Paragraph 22 of the Petition. Respondents are without sufficient information to admit or deny the remainder of the allegations in Paragraph 22 of the Petition, and therefore deny the same.

23. Paragraph 23 contains Petitioner's request for relief and does not require a response from Respondents.

24. Paragraph 24 contains Petitioner's request for relief and does not require a response from Respondents.

25. Paragraph 25 contains Petitioner's request for relief and does not require a response from Respondents.

WHEREFORE, PREMISES CONSIDERED, Respondents, Compass Environmental, Inc. and Aiman Naguib pray that Petitioner take nothing and that Respondents recover all costs herein, and have such further relief to which Respondents may be entitled.

Respectfully submitted,

_____
James T. Phillips
TBN 11728400
Ashley T. Parrish
TBN 15536850
Cantey & Hanger, L.L.P.
1999 Bryan Street, Suite 3330
Dallas, Texas 75201-3100
(214) 978-4100
(214) 978-4150 Facsimile
email: jphillips@canteyhanger.com
       aparrish@canteyhanger.com

ATTORNEYS FOR RESPONDENTS

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Respondents Compass Environmental, Inc.'s and Aiman Naguib's Original Answer to Rule 27 Petition to Perpetuate Testimony was delivered via facsimile transmission on all counsel of record on this 25th day of August, 2006.

_____
James T. Phillips